## VALIDITY OF VEHICLE LICENSE ORDINANCES.

Common Pleas Court of Franklin County.

JACOB STERN ET AL V. CITY OF COLUMBUS ET AL.

Decided, March, 1914.

*Municipal Corporations—Application of the Marmet Case to Fees Imposed by a Municipal Legislature—Vehicle License Ordinance Not a General Revenue Measure, When—Application of the Surplus Received for Licenses.*

1. In an action involving the validity of an ordinance, the defense of *res adjudicata* is not available where based on the claim that a former ordinance on the same subject was held constitutional, notwithstanding the general similarity of the present ordinance to the old one is admitted.

2. A vehicle license ordinance will not be classified as a general revenue measure, and therefore invalid, because of the fact that the receipts greatly exceed the expense of collection, where it appears that the surplus is turned into the fund for repair of the streets.

*Webber, McCoy & Jones,* for plaintiffs.
*City Solicitor,* contra.

EVANS, J.

The question submitted involves the validity of the ordinance passed November 10th, 1913, and an amendment thereof passed December 22d, 1913, known as the vehicle license ordinance.

It is claimed by petitioners that said ordinance is invalid and contrary to the Constitution of Ohio, because first, it is a tax, a revenue measure in the guise of a license; second, that it discriminates, and third, that it is not uniform in operation.

The case is submitted on motion of plaintiffs for a temporary injunction, on the petition, answer, agreed statement of facts and the briefs of counsel.

The second defense of *res adjudicata* does not apply here as a defense. The reasoning assigned is sound in a case involving the same ordinance, but as this is a new ordinance, although substantially the same as the old, the doctrine of *res adjudicata* should not apply as a defense to the new ordinance.

Inasmuch as the petition could be amended, if such was necessary to cure the defect claimed, I will regard such as though the amendment was made, and will determine the question here made on the merits.

Has the city council usurped its lawful powers and enacted a taxing measure in the guise of a license?

The facts show that in the year 1913, the necessary expenses for clerical service, blanks, tags and numbers for licenses was about $2,000. That the income received by the city for 1913 for licenses under said ordinance was about $20,000.

It is claimed that the income is so greatly in excess of the necessary expenses that it amounts to a tax, and that the income so in excess of the expenses establishes the intent of council to enact a revenue *measure*, for the doing of which no legislative authority is delegated to a city council.

Under Section 3632, General Code, the Legislature granted to municipal corporations power to license and regulate the use of streets by persons who use vehicles or solicit or transact business thereon.

Under said power so delegated by said legislative act to municipal corporations, it is conceded that a municipal corporation may by ordinance of its council exact and collect license fees from persons who use the streets of the city for the use of vehicles. But the claim of plaintiffs is that the fees exacted and collected can not exceed the necessary expenses of enforcing the ordinance and collecting the fees. It is also claimed that an income in excess thereof is invalid, because it is a tax, and that no power is conferred or delegated by the General Assembly to a municipal corporation to create and enforce a taxing measure.

Ordinances substantially the same as the one here in question have been upheld by the courts of this jurisdiction, notably, *Linton* v. *Columbus*, 5 N.P.(N.S.), 436, affirmed in 10 C.C.(N.S.), 199, and other cases cited in the briefs of counsel. These decisions are largely predicated upon the holding in *Marmet* v. *State*, reported in 45 O. S., 63.

It is contended by counsel for plaintiffs that *Marmet* v. *State*, and other cases cited involving the validity of legislative acts,

are not authorities, and should not control in the determination of the validity of ordinances of municipal corporations for the reason that the General Assembly has by the organic law power to enact taxing measures, while a municipal corporation has no such power, and that the Legislature has delegated no such power to municipal corporations.

It is, therefore, contended that the holding in *Marmet* v. *State* has no application, and should not have controlled in the determination of the question of the validity of the vehicle license ordinances.

There is no doubt as to the soundness of the doctrine that the power of taxation is a sovereign power and can only be exercised by the General Assembly when and as conferred by the Constitution of the state, and can only be exercised by municipal corporations only when unequivocally delegated to them by the legislative body.

This is the doctrine held in *Mays* v. *Cincinnati,* 1 O. S., 268, and there is no question but that such continues to be controlling rule of law.

It then being the undoubted rule of law that municipal corporations have no taxing power other than such as may be delegated by the General Assembly; and that the Legislature has not delegated to municipal corporations the power to tax or raise revenue by income from fees exacted and collected from persons who use vehicles on the streets by an ordinance such as we have here under consideration, the question arises, in view of the said former decisions of the courts, why did those courts regard and apply the Marmet and similar cases as authority in determining the validity of ordinances of city councils? There is no question under the law that if said ordinance is in fact a taxing measure, it is an unconstitutional measure, and is void. And there is no doubt, if the legislative power delegated to the municipal corporation is limited to the actual necessary expenses of enforcing the ordinances and collecting the fees, and an income in excess thereof is prohibitive, then this ordinance is unconstitutional and void.

Is the ordinance a tax, or is it not?

The ordinance provides fees ranging from $1.50 for certain one horse vehicles to $10 for vehicles drawn by more than four horses.

Section 10 provides, "that the money paid into the city treasury from said license fees shall be credited to a fund to be known as 'the vehicle fund,' and shall be first applied to the expenses of issuing said licenses and furnishing said numbers and tags, and then, if any remain, shall be used only for the actual repair of the streets of the city of Columbus, Ohio."

I am clearly convinced that the Legislature did by Section 3632, General Code, delegate power to municipal corporations to exact and collect license fees from persons so using the streets. If this is sound, and I think it is not here controverted, then it necessarily follows that the Legislature has thereby conferred discretion to a city council to fix and determine the amount of the fee. If this discretion is not abused, and if council does not create a tax in the guise of a license to regulate, in my opinion the courts could not invalidate the ordinance.

It must be borne in mind that the General Assembly itself has no power to enact a revenue measure, which is a tax, in the guise of a legislative act to regulate by license. And when the Legislature does so its act is unconstitutional, and the act void on the same reasoning that a taxing ordinance would be void. *Janes v. Graves,* 15 N.P.(N.S.), 193, cites abundant authorities on this proposition.

Yet, in many cases the courts uphold legislative acts to regulate by license where the facts show that the income therefrom is greatly in excess of the expenses.

See cases cited in *Janes v. Graves,* and in *Castle v. Mason.*

Such is legislative discretion, where it appears that the legislative intent was to create a tax, or the income is so excessive as to raise that presumption, such act is held to be invalid.

The test generally applied is whether the revenue is intended to be, and is, used for other and general purposes in a legal sense. If so, it is a tax, and neither a municipal corporation, nor the Legislature in a license measure for regulation has power so to do. The latter has power to tax for general purposes, but not in the guise of a license.

The ordinance in question provides that the said license fees shall be paid into the city treasury and credited to "the vehicle fund," and if any money remains after paying expenses of issuing the licenses and furnishing the numbers and tags, it shall be used only for the actual repair of the streets.

There is then nothing in the ordinance that shows any intent to apply the money for any purpose other than for said expenses and the repair of streets used by the vehicles if there is any surplus money so collected.

If there is some discretion delegated by said legislative act, in the fixing of fees for licenses, it must be regarded as a reasonable discretion. It is stipulated here that the city expended some $85,000 in the year 1913 for the care and repair of the streets of the city, and that the use of vehicles mentioned and described in said ordinance in the streets of the city tend to wear out said streets and necessitates care and repair thereof.

It is my opinion that the city did not exercise an unreasonable discretion in providing such fees as would produce an income to, at least, partly reimburse the city for the expense of repairing the streets from wear, caused by such vehicles.

And I am of the opinion that a fair consideration of the Marmet and other similar cases justifies a conviction that the doctrine there held is applicable to city ordinances as well as to legislative acts, because the Legislature has delegated a reasonable discretion upon municipal corporations to exact and collect fees, and that it can not well be said that if there is an excess amount beyond the actual expense of enforcing the ordinance, and for blanks, tags and numbers, that its application to help pay expense of repairs of the streets caused by the wear thereon by such vehicles, is an abuse of such discretion.

I am of the opinion that said ordinances are not invalid upon any of the grounds claimed in the petition, and that such is not a tax. On the other hand, I am of the opinion that such are valid and constitutional ordinances. By this I do not intend to hold that No. 11 in Ordinance No. 27776, passed December 22d, 1913, providing for license fees for motor-cycles or auto-cycles, is within the power of council to enact, for the reason as I

understand that such are now licensed by the state by a recent enactment of the Legislature, but this exception does not invalidate all other provisions of said ordinance. For above reasons, the motion for a temporary injunction is overruled.